Filed 10/2/20  Mendez v. Iglesia de Cristo Ministerios Llamada Final, Inc. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| CLARA MENDEZ et al., | |
| Plaintiffs and Appellants, | E072536 |
| v. | (Super.Ct.No. CIVDS1827685) |
| IGLESIA DE CRISTO MINISTERIOS LLAMADA FINAL, INC., et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County.  Brian S. McCarville, Judge.  Affirmed.

Brown Associates and Victor H. Jaime for Plaintiffs and Appellants.

McKay, De Lorimier & Acain and Paul A. De Lorimier for Defendants and Respondents.

## I. INTRODUCTION

On October 24, 2018, Clara Mendez, Esther Buzo De Ramirez, Rosio Favela, Ana Lemus, and Cristina Madrigal (plaintiffs) filed a civil complaint seeking recovery for

1

personal injuries incurred in a motor vehicle accident on May 22, 2016.  Defendants, Iglesia de Cristo Ministerios Llamada Final, Inc., and Teresa Dejesus Benitez (defendants) demurred to the pleading on the ground that plaintiffs' claims were time-barred by the two-year statute of limitations set forth in Code of Civil Procedure[1] section 335.1.  The trial court sustained the demurrer without leave to amend and plaintiffs appealed.

On appeal, plaintiffs assert the trial court erred because they alleged defendants' actions violated Vehicle Code sections 26453 and 26454 as well as Civil Code section 2100 and as such, their action is governed by the three-year statute of limitations for liabilities created by statute set forth in Code of Civil Procedure section 338.  After conducting our independent review of the complaint, we find no error and affirm the judgment.

## II. FACTS AND PROCEDURAL HISTORY

On October 24, 2018, plaintiffs filed a civil complaint.  The complaint alleged that on May 22, 2016, plaintiffs were passengers in a church bus owned, operated, or managed by defendants.  Plaintiffs incurred personal injuries when the bus collided with another vehicle while in operation.  The complaint purported to state causes of action for

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

2

(1) "Violation of Vehicle Code §26453 and §26454(a)"[2] and (2) "Violation of Civil Code §2100"[3] arising out of the incident.

On December 10, 2018, defendants filed a demurrer to the complaint and argued that plaintiffs' claims were time-barred under section 335.1, which provides a two-year statute of limitations for an action for injury to, or for the death of, an individual by the wrongful act or neglect of another.

On January 2, 2019, plaintiffs filed an opposition to the demurrer arguing that their claims were not time-barred because the claims are governed by section 338, subdivision (a), which provides a three-year statute of limitations for liabilities created by statute. Plaintiffs further argued that the statute of limitations was an affirmative defense that cannot be raised on demurrer.

On January 15, 2019, the trial court sustained defendants' demurrer to the complaint without leave to amend following hearing and oral argument. A judgment of dismissal was subsequently entered on March 14, 2019. On April 15, 2019, plaintiffs appealed from that judgment.

_____

[2] Vehicle Code section 26453 provides: "All brakes and component parts [of a vehicle] shall be maintained in good condition and in good working order. The brakes shall be so adjusted as to operate as equally as practicable with respect to the wheels on opposite sides of the vehicle." Vehicle Code section 26454, subdivision (a), provides: "The service brakes of every motor vehicle or combination of vehicles shall be adequate to control the movement of and to stop and hold the vehicle or combination of vehicles under all conditions of loading."

[3] Civil Code section 2100 provides: "A carrier of persons for reward must use the utmost care and diligence for their safe carriage, must provide everything necessary for that purpose, and must exercise to that end a reasonable degree of skill."

## III. DISCUSSION

There is no dispute that the complaint alleges defendants' actions caused plaintiffs to incur injury on May 22, 2016. Nor do plaintiffs claim any grounds for the tolling of the statute of limitations in this case. Instead, the sole issue raised on appeal is which statute of limitations applies to the claims asserted in the complaint. We agree with respondents that the applicable statute of limitations is two years as set forth in section 335.1, and therefore affirm the judgment.

### A. General Legal Principles & Standard of Review

" 'Because a demurrer both tests the legal sufficiency of the complaint and involves the trial court's discretion, an appellate court employs two separate standards of review on appeal. [Citation.] . . . Appellate courts first review the complaint de novo to determine whether or not the [] complaint alleges facts sufficient to state a cause of action under any legal theory, [citation], or in other words, to determine whether or not the trial court erroneously sustained the demurrer as a matter of law. [Citation.]' [Citation.] 'Second, if a trial court sustains a demurrer without leave to amend, appellate courts determine whether or not the plaintiff could amend the complaint to state a cause of action. [Citation.]' " (*Total Call Internat. Inc. v. Peerless Ins. Co.* (2010) 181 Cal.App.4th 161, 166 (*Total Call Internat. Inc.*).)

"Under the first standard of review, 'we examine the complaint's factual allegations to determine whether they state a cause of action on any available legal theory. [Citation.] We treat the demurrer as admitting all material facts which were

4

properly pleaded.  [Citation.]  However, we will not assume the truth of contentions, deductions, or conclusions of fact or law [citation], and we may disregard any allegations that are contrary to the law or to a fact of which judicial notice may be taken.  [Citation.]'  [Citation.]"  (*Total Call Internat. Inc.*, *supra*, 181 Cal.App.4th at p. 166.)  "Under the second standard of review, the burden falls upon the plaintiff to show what facts he or she could plead to cure the existing defects in the complaint.  [Citation.]  'To meet this burden a plaintiff must submit a proposed amended complaint or, on appeal, enumerate the facts and demonstrate how those facts establish a cause of action.'  [Citation.]"  (*Ibid.*)

*B. The Trial Court Did Not Err in Concluding Plaintiffs' Claims Were Time Barred*

"A defendant may demur to a complaint on the basis of the statute of limitations when it is clear from the face of the complaint that the action is time-barred.  [Citations.]"  (*Carter v. Prime Healthcare Paradise Valley LLC* (2011) 198 Cal.App.4th 396, 412 (*Carter*).)  "Where a demurrer raises the bar of the applicable statute of limitations, the court assesses whether 'the complaint shows on its face that the statute bars the action.'  [Citation.]  Such a defect 'must clearly and affirmatively appear on the face of the complaint; it is not enough that the complaint shows merely that the action may be barred.'  [Citation.]"  (*Czajkowski v. Haskell & White*, *LLP* (2012) 208 Cal.App.4th 166, 174.)

Here, the complaint on its face alleged that plaintiffs incurred personal injuries on May 22, 2016, as the result of a motor vehicle accident.  Plaintiffs alleged defendants were liable for these injuries "as a result of improper maintenance and multiple mechanical deficiencies and due to driver negligence."  Thus, the complaint on its face alleges personal injury arising from the wrongful act or negligence of defendants.  A claim for injury to an individual "caused by the wrongful act or neglect of another" must be brought within two years.  (§ 335.1.)  Plaintiffs did not file their complaint until October 24, 2018, and as such, the complaint shows on its face that the claims are untimely.  Accordingly, we find no error in the trial court's decision to sustain defendants' demurrer.

*C. The Statutory Violations Alleged Do Not Transform the Claim into a Liability Created by Statute*

Plaintiffs argue that the applicable statute of limitations should be three years under section 338 because they alleged defendants' actions violated various statutory provisions of the Vehicle Code and Civil Code.  We disagree.

" 'To determine the statute of limitations which applies to a cause of action it is necessary to identify the nature of the cause of action, i.e., the "gravamen" of the cause of action.' [Citation.]  The nature of the cause of action and the primary right involved, not the form or label of the cause of action or the relief demanded, determine which statute of limitations applies.  [Citations.]" (*Carter*, *supra*, 198 Cal.App.4th at p. 412.)  Thus, we

6

look not to the labels used by plaintiffs in the pleading, but rather to the nature of the underlying right at issue.

Reference to a statutory violation on its own does not determine whether the underlying right at issue is a liability created by statute. Generally, " '[a] violation of a state statute does not necessarily give rise to a private cause of action.' " (*Vasquez v. Solo 1 Kustoms*, *Inc.* (2018) 27 Cal.App.5th 84, 90.) Instead, "[a] cause of action is based upon a liability created by statute 'only where the liability is embodied in a statutory provision and was of a type which did not exist at common law.' [Citations.]" (*Jackson v. Cedars-Sinai Medical Center* (1990) 220 Cal.App.3d 1315, 1320, italics omitted.)

California courts have long held that "[a]n owner or operator of a motor vehicle has both a statutory and common law duty to use reasonable and ordinary care, by properly maintaining the motor vehicle, to prevent an increase in the chances of inflicting injury on others by use of the vehicle. [Citations.]" (*Yamaha Motor Corp. v. Paseman* (1990) 219 Cal.App.3d 958, 965.) However, the statutory basis for such duty arises from the general negligence principles embodied in Civil Code section 1714. (*See Cabral v. Ralphs Grocery Co.* (2011) 51 Cal.4th 764, 774 ["the general duty to take ordinary care in the conduct of one's activities . . . indisputably applies to the operation of a motor vehicle"].) As our Supreme Court has repeatedly explained, Civil Code section 1714 was merely a codification of common law principles. (*Li v. Yellow Cab Co.* (1975) 13 Cal.3d 804, 814 [Civil Code section 1714 is "declarative of the common law"]; *Goonewardene*

*v. ADP*, *LLC* (2019) 6 Cal.5th 817, 827 [Civil Code as originally enacted codified "then-existing common law rules"].)

Here, the gravamen of plaintiffs' claim is the right to be free from injury caused by the negligence of defendants in the operation and maintenance of the church bus. California authorities make clear that defendants' duty to use reasonable care in the maintenance or operation of their church bus to avoid injury to another is a duty that arises from the common law. As such, plaintiffs' claim is not a liability created by statute. While subsequent statutes which regulate defendants' conduct in the use, maintenance, or operation of a motor vehicle may implicate the standard of care applicable to determine the reasonableness of defendants' actions, these statutes do not create any new liability. Instead, these statutes guide the determination of whether the defendants failed to use reasonable care with respect to an already existing duty.[4] Plaintiffs' reference to such statutes do not transform the gravamen of their action into a "liability created by statute" entitled to the longer statute of limitations period set forth in section 338.

*D. Plaintiffs Have Not Met Their Burden to Show an Abuse of Discretion*

Finally, plaintiffs contend the trial court abused its discretion in sustaining the demurrer without leave to amend. We find no abuse of discretion on this record.

---

[4] See *Alcala v. Vazmar Corp.* (2008) 167 Cal.App.4th 747, 755-756 [Vehicle Code is relevant to the doctrine of negligence per se which " 'means that the court has adopted the conduct prescribed by the statute as the standard of care for a reasonable person in the circumstances' "]. See also *Webster v. Ebright* (1992) 3 Cal.App.4th 784, 787 [Civil Code section 2100 codifies previous common law principles imposing a heightened duty of care for common carriers].

"[N]otwithstanding the liberal policy favoring amendment of complaints, upon sustaining a demurrer to a first amended complaint, the court may deny leave to amend when the plaintiff fails to demonstrate the possibility of amendments curing the first amended complaint's defects. [Citation.]" (*Hedwall v. PCMV*, *LLC* (2018) 22 Cal.App.5th 564, 579.) " 'To satisfy that burden on appeal, a plaintiff "must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading." [Citation.] The assertion of an abstract right to amend does not satisfy this burden. . . . Allegations must be factual and specific, not vague or conclusionary. . . . Where the appellant offers no allegations to support the possibility of amendment . . . there is no basis for finding the trial court abused its discretion when it sustained the demurrer without leave to amend. [Citations.]' " (*Ibid.*, citing *Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43-44.)

Here, plaintiffs have not set forth in their opening brief any specific facts which they claim can be added to the complaint to overcome the statute of limitations defense to their cause of action. Nor have plaintiffs attached a proposed amended complaint for our consideration. This is not surprising considering the trial court specifically asked plaintiffs at the time of oral argument to provide any additional facts they believed could be added to cure the defect and plaintiffs were unable to articulate any specific facts they desired to add. Plaintiffs have not met their burden to show an abuse of discretion in the trial court's denial of leave to amend, and we see no reason to reverse the judgment on this ground.

9

## IV. DISPOSITION

The judgment is affirmed.  Respondents are awarded their costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS_____
                                                                        J.

We concur:


McKINSTER_____
            Acting P. J.


MENETREZ_____
            J.